NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re JACKSON JEAN,**
*Petitioner*

---

2024-120

---

On Petition for Writ of Mandamus to the United States Court of Appeals for Veterans Claims in No. 23-7765, Judge Scott Laurer.

---

## ON PETITION AND MOTION

---

PER CURIAM.

### O R D E R

On March 18, 2024, the United States Court of Appeals for Veterans Claims entered judgment in No. 23-7765 denying-in-part and dismissing-in-part Jackson Jean's petition for relief. On April 12, 2024, this court received Mr. Jean's petition requesting this court to issue a writ of mandamus seeking relief that he previously "tr[ied] to [obtain] . . . through [the] CAVC." ECF No. 2-4 at 2–3.

A party seeking a writ of mandamus bears the burden of demonstrating to the court that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309

(1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978) (internal quotation marks omitted). *See also Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004).

A party may appeal a judgment of the Court of Appeals for Veterans Claims by filing a notice of appeal within 60 days from entry of that judgment. *See* 38 U.S.C. § 7292(a); *see also* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B); Fed. Cir. R. 1(a)(1)(D). The notice of appeal must identify the party seeking to appeal and specify the order or part thereof to be reviewed. Mr. Jean's petition meets those requirements and would be timely if treated as a notice of appeal. Because pursuing an appeal provides Mr. Jean a meaningful opportunity to challenge the judgment in No. 23-7765, we conclude that the petition for a writ of mandamus received by this court should be construed and treated as a timely appeal and, thus, mandamus relief is not available. *See Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) (stating "whatever may be done without the writ may not be done with it"). We therefore transmit the filing to the Clerk of the Court of Appeals for Veterans Claims for docketing as a notice of appeal from No. 23-7765 filed on April 12, 2024. *See* Fed. R. App. P. 4(d) ("If a notice of appeal . . . is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the [trial court] clerk. The notice is then considered filed in the [originating] court on the date so noted."); Fed. Cir. R. 1(a)(1)(D). Once received by that clerk, the clerk will transmit the notice of appeal back to this court for docketing.

In the meantime, this court will transfer this matter to the court's normal appeals docket. Once it is docketed and assigned an appeal number, Mr. Jean may raise his arguments in challenge to the judgment in his opening brief which will be due within 60 days from the date on which

this court receives the notice of appeal back from the Court of Appeals for Veterans Claims.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition is denied.  ECF No. 2 is transmitted to the Clerk of the Court of Appeals for Veterans Claims to be docketed as a notice of appeal received April 12, 2024.

(2)  The motion for leave to proceed *in forma pauperis* is granted.

(3)  All other pending motions are denied.

(4)  The Clerk of Court shall transfer this matter to the court's normal appeals docket, in which it will docket the notice of appeal once returned by the Court of Appeals for Veterans Claims.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

June 25, 2024
        Date